UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY KEITH ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2236-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon the motion of plaintiff Jeremy Keith Ross for leave to proceed herein in forma pauperis. The Court has reviewed the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action fails to state a claim upon which relief can be granted if does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). An action is factually frivolous if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" if they are "fanciful," "delusional," or "fantastic.").

The Court is required to liberally construe a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the complaint must state a plausible claim for relief, which requires the plaintiff to plead facts that allow the Court to reasonably infer that the defendant is

liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

In the complaint, Mr. Ross names the United States of America as defendant. He states he seeks right of review pursuant to 5 U.S.C. § 702. On the civil cover sheet filed with the complaint, plaintiff describes his cause of action as "Harassment." (Docket No. 1, Attch. 3). Mr. Ross did not complete the section of the form complaint that required him to set forth his statement of claim. However, in an attachment to the complaint entitled "Request for Right of Review," he claims he fears for his life due to "actions directly either from an agency or contractor or both." (Docket No. 1, Attch. 1). Mr. Ross writes that he has been subjected to telecommunications, manipulation, vehicle tampering, direct threats from unknown persons, "unfamiliar electronic devices to normal standards," verbal and physical threats, and vehicles trying to run him off the road. *Id.* Mr. Ross does not state the relief he seeks.

In a separately-filed letter titled "Evidence," Mr. Ross describes a sting operation in which an individual dressed in the uniform of a particular Jefferson County Sheriff's Department officer, and drove the officer's car while the officer hid in the back, in an attempted set-up. (Docket No. 5). Mr. Ross states that they tried to sell MDMA, but that he declined to participate. He states he believes the action was taken at the direction of an unnamed federal agency.

## Discussion

After carefully reading and liberally construing the complaint, and having considered Mr. Ross's supplemental filing, the Court concludes that this case must be dismissed. Mr. Ross names the United States of America as the sole defendant, and states that he intends to proceed pursuant to 5 U.S.C. § 702. Under § 702, Congress has waived the defense of sovereign immunity in certain suits brought against the United States and federal agencies for equitable relief. *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003). However, to the extent Mr. Ross seeks such relief against the United States of America or any federal agency pursuant to § 702, his allegations fail to state a plausible claim for relief under the standards dictated in *Twombly* and *Iqbal*, in that he fails to set forth non-conclusory allegations explaining how the United States of America or any particular federal agency is liable for the misconduct he alleges. In addition, the Court determines that the complaint is factually frivolous because the allegations therein are clearly baseless. *Denton*, 504 U.S. at 32-33 (clearly baseless allegations are those that are fantastic, fanciful or delusional). The complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of February, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE